**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Gary L. Jordan,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>Michael J. Astrue, Commissioner of Social Security,<br><br>　　　　Defendant. | No. CV-10-8065-PHX-DGC<br><br>**ORDER** |

Plaintiff Gary Jordan applied for disability insurance benefits on September 26, 2006, claiming to be disabled since March 19, 2006. Doc. 12, Tr. 92-94. The application was denied. Tr. 65-66. A hearing before an Administrative Law Judge ("ALJ") was held on June 18, 2009. Tr. 32-64. The ALJ issued a written decision on October 27, 2009, finding Plaintiff not disabled within the meaning of the Social Security Act. Tr. 10-16. This decision became Defendant's final decision when the Appeals Council denied review. Tr. 1-4. Plaintiff then commenced this action for judicial review pursuant to 42 U.S.C. § 405(g). Doc 1. For reasons that follow, the Court will reverse Defendant's decision and remand the case for further proceedings.

**I.     Standard of Review.**

The Court has the "power to enter, upon the pleadings and transcript of record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The

Commissioner's decision to deny benefits "should be upheld unless it is based on legal error or is not supported by substantial evidence." *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1198 (9th Cir. 2008). In determining whether the decision is supported by substantial evidence, the Court "must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" *Id.*

**II.    Analysis.**

Whether a claimant is disabled is determined using a five-step evaluation process. To establish disability, the claimant must show (1) he is not currently doing substantial gainful activity, (2) he has a severe impairment, and (3) his impairment meets or equals a listed impairment or (4) his residual functional capacity ("RFC") precludes him from performing his past work. At step five, the Commissioner must show that the claimant is able to perform other work. 20 C.F.R. § 404.1520.

Plaintiff has met his burden at steps one and two. He has not worked since the alleged disability onset date. Tr. 12 ¶ 2. He has the following severe combination of impairments: diabetes mellitus type II, cervical spondylosis, mild disc disease, hypertension, obesity, and cognitive disorder. Tr. 12 ¶ 3. At step three, the ALJ found that those impairments do not meet or equal a listed impairment. Tr 13 ¶ 4. The ALJ concluded at step four that Plaintiff has the RFC to perform his past work as a mortgage loan officer (sedentary work) and as a truck driver and shipper/receiver (medium work). Tr. 15 ¶ 6.

Plaintiff argues that the ALJ erred in finding that he has the RFC to lift and carry up to 50 pounds and therefore is able to perform medium work, erred in finding that his work as a loan officer constitutes substantial gainful activity, and failed to properly weigh medical source opinions. Doc. 14. Defendant contends that the ALJ did not err and his decision is supported by substantial evidence. Doc. 21.

**A.    Medical Opinions.**

Drs. Benjamin Venger and Joe Sungnam completed medical assessments of Plaintiff's ability to do work-related activities. They opined, among other things, that Plaintiff is able to sit, stand, and walk less than 2 hours in an 8-hour workday and lift and carry 10 pounds

1  occasionally. They further opined that Plaintiff is not able to twist, stoop, crouch, or climb,
2  and his physical impairments affect the functions of reaching, handling, fingering, feeling,
3  pushing, and pulling. Tr. 791-93, 803-05. The medical findings supporting the opinion of
4  Dr. Venger include documentation on serial exams, imagery and x-ray results, and the
5  placement of a spinal cord stimulator. Tr. 792. Dr. Sungnam's opinion is supported by
6  failed surgery, persistent symptoms, and the placement of a spinal cord stimulator. He
7  concluded that the degree of Plaintiff's problems probably is caused by cervical stenosis
8  rather than his degenerative disc disease or spondylosis of the lumbar spine. Tr. 804.

9        As Plaintiff's treating physicians, Drs. Venger and Sungnam are "employed to cure
10 and [have] a greater opportunity to know and observe [Plaintiff] as an individual."
11 *McCallister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989). Their opinions regarding the
12 severity of Plaintiff's impairments are therefore entitled to "special weight," and if the ALJ
13 chooses to disregard them, he must, at a minimum, "'set forth specific, legitimate reasons for
14 doing so, and this decision itself must be supported by substantial evidence.'" *Embrey v.*
15 *Bowen*, 849 F.2d 418, 421 (9th Cir. 1988)) (quoting *Cotton v. Bowen*, 799 F.2d 1403, 1408
16 (1986)). The ALJ can meet this burden "by setting out a detailed and thorough summary of
17 the facts and conflicting clinical evidence, stating his interpretation thereof, and making
18 findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Embrey*, 849 F.2d
19 at 421). Plaintiff argues that the ALJ has not met his burden. Doc. 14 at 5-8. Plaintiff is
20 correct.

21       The ALJ rejected the opinions of Drs. Venger and Sungnam on the ground that they
22 are "far to extreme to be given any considerable weight." The sole basis for this conclusion
23 is that the physicians pointed to no specific test supporting their opinions that Plaintiff's
24 impairments affect the functions of reaching, handling, fingering, feeling, pushing, and
25 pulling. Tr. 15. But this says nothing about the treating physicians' opinions on other
26 functional limitations, that is, Plaintiff's limited ability to sit, stand, walk, lift, carry, twist,
27 stoop, crouch, or climb. Tr. 791-92, 803-04. Moreover, treatment notes show that Plaintiff
28 has decreased strength and flexibility in his upper extremities. Tr. 732, 734, 743. The fact

1  that those notes are not specifically cited by Drs. Venger and Sungnam does not render their
2  opinions invalid.

3  Drs. Venger and Sungnam are Plaintiff's treating physicians. To properly reject their
4  opinions about Plaintiff's work-related abilities, the ALJ "must do more than offer his own
5  conclusions. He must set forth his own interpretations and explain why they, rather than
6  [the treating physicians'], are correct." *Orn v. Astrue*, 495 F.3d 625, 632 (9th Cir. 2007).
7  The ALJ has failed to provide the requisite "detailed, reasoned, and legitimate rationales for
8  disregarding [Drs. Venger and Sungnam's] findings." *Embrey*, 849 F.2d at 422. His
9  rejection of their opinions was erroneous.

10  **B.    RFC Determination.**

11  "Medium work involves lifting no more than 50 pounds at a time with frequent lifting
12  or carrying of objects weighing up to 25 pounds." 20 C.F.R. § 404.1567(c). The ALJ found
13  that Plaintiff is able to perform his past medium-level work as a truck driver and
14  shipper/receiver in part because he "is able to lift/carry up to 50 pounds occasionally [and]
15  is able frequently to lift/carry 25 pounds[.]" Tr. 13 ¶ 5. Plaintiff argues that this finding is
16  not supported by substantial evidence. Doc. 14 at 3-4. The Court agrees.

17  Plaintiff's treating physicians have opined that he is able to lift and carry a maximum
18  of 10 pounds. Tr. 791, 803. The state agency physician, Dr. Erika Wavak, found that
19  Plaintiff is able to lift and carry 10 pounds frequently and 20 pounds occasionally. Tr. 378.
20  The examining physician, Dr. Steven Rode, noted in the "check box" assessment form that
21  Plaintiff can lift and carry up to 50 pounds (Tr. 447), but made clear in his narrative report
22  that Plaintiff's maximum lifting/carrying capacity is 20 pounds (Tr. 458). The justification
23  for that restriction is Plaintiff's "tenderness in the lower lumbar area with evidence of
24  cervical tenderness and hardware and decreased deep tendon reflexes both upper and lower
25  extremities[.]" Tr. 458. Considering the record as a whole, *Ryan*, 528 F.3d at 1198, the
26  Court concludes that substantial evidence does not support the ALJ's finding that Plaintiff
27  can lift and carry up to 50 pounds (Tr. 13) and thus is capable of performing his past
28  medium-level work (Tr. 15).

### C. Substantial Gainful Activity.

Plaintiff earned on average less than $400 per month as a mortgage loan officer. Tr. 28. He argues, correctly, that the ALJ erred in concluding that such work constitutes substantial gainful activity. Doc. 14 at 4-5; *see* Tr. 164 (case development sheet indicating that Plaintiff's work as a loan officer was "not SGA"); *Lind v. Astrue*, 370 Fed. Appx. 814, 2010 WL 882847, at *3 n.2 (9th Cir. Mar. 10, 2010) ("The substantial gainful activity standard is not met when a claimant's earnings are reduced below . . . $700/month").

## III. Remedy.

The decision to remand for further development of the record or for an award benefits is within the discretion of the Court. 42 U.S.C. § 405(g); *see Harman v. Apfel*, 211 F.3d 1172, 1173-74 (9th Cir. 2000). This Circuit has held that evidence should be credited as true, and an action remanded for an award of benefits, where three conditions are met: the ALJ has failed to provide legally sufficient reasons for rejecting the evidence, no outstanding issue remains that must be resolved before a determination of disability can be made, and it is clear from the record that the ALJ would be required to find the claimant disabled were the rejected evidence credited as true. *See, e.g.*, *Varney v. Sec'y of HHS*, 859 F.2d 1396, 1400 (9th Cir. 1988).

Plaintiff recognizes that the ALJ "elicited little useful vocational testimony from the vocational expert." Doc. 14 at 8; *see* Tr. 62-63. In cases where the testimony of a vocational expert has failed to address functional limitations as established by improperly discredited evidence, this Circuit "consistently [has] remanded for further proceedings rather than payment of benefits." *Harman*, 211 F.3d at 1180 (citation omitted). A remand for further proceedings, including application of the vocational grids and step five evaluation, is appropriate in this case.

With respect to the opinions of Drs. Venger and Sungnam, the Court concludes that they need not be credited as true on remand. The credit-as-true rule applied in *Varney* and its progeny is "specifically limited to cases 'where there are no outstanding issues that must be resolved before a proper disability determination can be made[.]'" *Vasquez v. Astrue*, 572

F.3d 586, 593 (9th Cir. 2009) (quoting *Varney*, 859 F.2d at 1401). Because outstanding issues exist in this case, the Court declines to apply the credit-as-true rule. *See Santiago v. Astrue*, No. CIV 06-3052 PHX RCB, 2010 WL 466052, at *23 (D. Ariz. Feb. 10, 2010); *Martin v. Astrue*, No. CV-08-2076-PHX-JAT, 2010 WL 1194151, at *7-8 (D. Ariz. Mar. 22, 2010).

**IT IS ORDERED:**

1. Defendant's decision denying benefits is **reversed**.
2. The case is remanded for further proceedings consistent with this order.

DATED this 24th day of November, 2010.

*(signature)*
David G. Campbell
United States District Judge